IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

v.

MARK HILL,
JON HALL,
JOHN SMITH, and
THOMAS JAMES,

              Defendants.

**REPORT,
RECOMMENDATION
AND ORDER**

08-CR-150(A)(M)

---

This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters (Dkt. #27). Before me are several motions by defendants, seeking suppression of evidence and other forms of relief (Dkt. ##35, 37, 38, 47, 49, 56). Oral argument was conducted before me on December 18, 2008, and an evidentiary hearing concerning defendant Hall's motion to suppress statements was held on January 12, 2009.

## BACKGROUND

By indictment dated June 12, 2008, defendants are charged with, *inter alia*, possession with intent to distribute a controlled substance, as well as conspiracy to possess a controlled substance, in violation of Title 21 U.S.C. §§841(a)(1), 841(b)(1)(B) and 846 (Dkt. #20).

A.  **Defendants' Non-Dispositive Motions**

Pursuant to my scheduling orders (Dkt. ##26, 44, 48), defendants were directed to "identify[ ] the areas of dispute that remain following the government's response." However, the parties failed to do so. Therefore, at oral argument I again asked defendants to identify which non-dispositive aspects of their motions were moot in light of the government's response. At that time, defendant Hill identified his motion for early disclosure of Jencks and Giglio material as remaining in dispute, but no other aspects were identified by the other defendants.

Following oral argument, I again directed defendants that "if any aspects of defendants' non-dispositive motions remain in dispute, they shall be identified by December 30, 2008, *otherwise they will be deemed moot.*" December 18, 2008 Text Order (Dkt. #53) (emphasis added). However, defendants failed to identify any additional non-dispositive aspects of their motions that remain in dispute. Therefore, all non-dispositive aspects of defendants' pretrial motions, other than those addressed herein, are denied as moot.

B.  **Defendant Hall's, James' and Smith's Motions for Joinder**

Defendants Hall (Defendant Hall's Motion (Dkt. #38), Point XVI), James (Affirmation of Michael Luh, Esq. (Dkt. #47), ¶2), and Smith (Affirmation of Joseph Terranova, Esq. (Dkt. #35), ¶12) have moved to join in their co-defendants' motions. These motions are granted "insofar as each Defendant has standing to make such requests and the relief requested was timely sought by other Moving Defendants." United States v. Jackson, 493 F. Supp. 2d 592, 595 (W.D.N.Y. 2006) (Arcara, J./Foschio, M.J.).

However, defendants Smith and James have not established their standing to join in defendant Hall's suppression motions. Following oral argument, I provided defendants with the opportunity to "submit affidavits or declarations and documentation supporting their entitlement to an evidentiary hearing by December 30, 2008. Defendants may also submit briefs by December 30, 2008, addressing their standing to seek suppression of the evidence from the search of the package in light of United States v. Barrios . . . and, if necessary, submit appropriate affidavits or declarations from defendants." Text Order dated December 18, 2008 (Dkt. #53). Despite this invitation, defendants James, Smith, and Hill failed to submit anything to establish their standing to seek suppression of the statements or physical evidence.

Therefore, to the extent that defendants Smith and James seek to join in defendant Hall's suppression motions, their motions are denied. See United States v. Clarke, 2006 WL 3615111, *6 (S.D.N.Y. 2006) ("Defendant has not submitted any sworn factual allegations regarding either the statements or the physical evidence that Defendant seeks to suppress. Defendant's bare assertions and 'belief', in the absence of an affidavit from an individual with personal knowledge of the underlying facts, are insufficient to create a factual dispute requiring a suppression hearing.").

Likewise, as discussed *infra*, I find that defendant Hill's motion for severance is untimely. Therefore, to the extent that defendants Smith, Hall, and James seek to join in defendant Hill's severance motion, their motions are denied.

C.       **Defendant Smith's, Hill's, and Hall's Motions for Leave to File Additional Motions**

Defendants Smith (Affirmation of Joseph Terranova, Esq. (Dkt. #35), ¶13), Hill (Affirmation of Michael Blotnik, Esq. (Dkt. #37), ¶61), and Hall (Hall's Motion (Dkt. #38), Point XVI) move for leave to file additional motions. Because no specific motions have been identified at this time, this aspect of defendants' motions is denied, without prejudice to the possibility of additional motions in the future, upon a showing of good cause.

D.       **Defendant Hall's Motions**

   1.    **Defendant Hall's Motion to Suppress Physical Evidence**

Defendant Hall moves to suppress the results of the search of a package for which he signed, addressed to 1095 Genesee Street, Buffalo, New York 14211 (which was subsequently determined to contain marijuana), along with the results of a search of the premises itself.

Following the search, defendant Hall was arrested, handcuffed, placed in a patrol car and transported from 1095 Genesee Street to the DEA offices in Buffalo. Defendant Hall's affidavit (Dkt. #49), ¶4. He states that "during that trip two law enforcement agents were questioning me. I do not recall being advised of my rights prior to, or during the trip to the DEA office." (Id., ¶4). He subsequently gave a written statement containing " an acknowledgment that I was given my Miranda warnings. I do not specifically recall receiving the so-called Miranda warnings and I do not remember specifically what rights I was allegedly advised about. After discussing this matter with my attorney, I do not believe that I knowingly, voluntarily and intelligently waived my rights under the Constitution of the United States" (id., ¶¶ 6-7). He seeks

not only suppression of the search results, but also of "any statements attributed to me" (id., "wherefore" clause).

An evidentiary hearing concerning defendant's motion for suppression of statements was held before me on January 12, 2009 (Dkt. #58). At the hearing, DEA Special Agent Dale Kasprzyk and NFTA Detective Michael Wright testified as to the circumstances surrounding the written statement given by defendant on December 14, 2007 (Government Ex. 2). S.A. Kasprzyk, whose testimony I find to be credible, testified that prior to taking defendant's statement, he advised him of his <u>Miranda</u> rights from a DEA form 13A card (Dkt. #58, pp. 6-7; government Ex. 1); that he read Hall the warnings verbatim from the card and asked him if he understood the warnings, and that Hall said yes (<u>Id.</u>, pp. 7-8). He stated that Hall agreed to give a written statement (<u>Id.</u>, p. 9). He prepared the statement based on what Hall told him, and he had Hall read and initial each page of the statement (<u>Id.</u>, pp. 10-11). Hall made one change to the written statement, which he initialed (<u>Id.</u>, pp. 26-27; government Ex. 2, p. 1). He stated that he never threatened or coerced Hall (<u>Id.</u>, pp. 28-29), and that Hall did not request an attorney at any point during the interview (<u>Id.</u>, p. 28).

Detective Wright, whom I also find to be credible, corroborated S.A. Kasprzyk's testimony. He heard Kasprzyk give Hall his <u>Miranda</u> warnings and heard Hall acknowledge the warnings (id., pp. 30-31). He observed Hall examine, initial and sign his statement (id.), and stated that Hall was not threatened or coerced, nor did he at any time request an attorney (id., p. 32).

### a.     The Package

In order to seek suppression of the results of the search of the package for which he signed, defendant Hall "bears the burden of demonstrating that [he] had a legitimate expectation of privacy" in the contents of the package. United States v. Barrios, 1995 WL 728440, *3 (S.D.N.Y. 1995), aff'd, 210 F. 3d 355 (2d Cir. 2000), cert. denied, 531 U.S. 870 (2000). He has failed to satisfy that burden.

Although Hall allegedly signed for receipt of the package, he was neither its sender nor its addressee. According to the search warrant application, the package was "Addressed to: Ware Maintenance, 1095 Genesee Street, Buffalo, NY 14211, Received from: Banner Packing, 8231 West 3rd Steet, Los Angeles, CA 90048" (Dkt. #49-2). While Hall argues that "as the recipient of the package [he] has standing to contest the legality of the search" (Dkt. #49, ¶6), that argument was rejected in Barrios, supra: "Cruz was not the sender of the package. Although the package was addressed to her place of employment, she was not the addressee and anyone at the Medical Center could have claimed the package. The detention did not take place while she was in possession of the package. The fact that the sender intended her to receive and sign for the package (absent a claim of possession or ownership, which Cruz does not make) does not give rise to a legitimate expectation of privacy". Id.

### b.     The Premises

Nor has Hall demonstrated that he has standing to challenge the search of the premises at 1095 Genesee Street, "by showing that he owned the premises or that he occupied them and had dominion and control over them by leave of the owner". United States v. Watson

404 F. 3d 163, 166 (2d Cir. 2005). In fact, at oral argument his attorney conceded that Hall "has not alleged standing for the search of the premises" (Dkt. #52 (quoted from digital recording of proceedings)).

Accordingly, this portion of Hall's motion should be denied without an evidentiary hearing. *See* Watson, *supra*, 404 F. 3d at 167 ("nor was it necessary for the District Court to hold an evidentiary hearing . . . . Since we hold that defendant failed to prove that he had the legitimate expectation of privacy to challenge the search of [the premises], we need not reach the substance of his suppression motion") *and* United States v. Quinones, 2005 WL 2148333. *3 (W.D.N.Y. 2005) (Foschio, M.J.) ("As neither Defendant has established standing to challenge the search, the motion to suppress should be DENIED without an evidentiary hearing").

## 2.   Defendant Hall's Motion to Suppress Statements

As previously noted, I find the hearing testimony of S.A. Kasprzyk and Det. Wright to be credible. Although defendant Hall had submitted an affidavit in support of his motion to suppress (Dkt. #49), he "chose not to take the stand at the suppression hearing and rebut [the] government's version of events even though he might have done so without risk that anything he said could later be used against him at trial". United States v. Male Juvenile, 121 F. 3d 34, 42 (2d Cir. 1997). Without drawing any adverse inference from his failure to testify, I "simply indicat[e] that, by not testifying, defendant has failed to contradict the government's evidence with his own testimony". Id.

Hall argues that the government failed to prove that he could read or write English. Defendant's Memorandum of Law (Dkt. #59), p. 4). I find that he could, given the fact that he initialed and signed his statement, and even made one correction thereto (government Ex. 2, p. 1). In any event, whether Hall could read or write is irrelevant to the admissibility of the statement which he signed. "If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him." World Trade Center Properties, L.L.C. v. Hartford Fire Insurance Co., 345 F. 3d 154, 179 (2d Cir. 2003).

Hall also argues that the statement should be suppressed because, prior to giving the statement, "for three and a half, maybe four hours he was continuously with law enforcement agents [and] the Government has completely failed to meet their burden of proof as to what might have transpired during that period of time" (Dkt. #58, p. 40). However, since it is undisputed that Hall *was* given his Miranda warnings before providing his written statement, that statement is proper. *See* Tankleff v. Senkowski 135 F. 3d 235, 245 (2d Cir. 1998) ("there is no indication in the record that Tankleff did not understand his rights once he was given the warnings or that his subsequent waiver of those rights was anything but knowing and voluntary. Accordingly, we hold that Tankleff's 'second' confession was properly admitted").

Based upon the hearing testimony and exhibits, I conclude that the government has met its burden of proving that Hall's statement (government Ex. 2) was made voluntarily and with full knowledge of his Miranda rights, and I therefore recommend that his motion to suppress this statement be denied. Hall's attorney stated that he is unaware of any other statements that

Case 1:08-cr-00150-RJA-JJM   Document 66   Filed 03/12/09   Page 9 of 17

Hall is currently seeking to suppress, but reserves his right to seek suppression of any such statements which may subsequently be offered by the government (Dkt. #58, pp. 41-42).[1]

### E.   Defendant James'[2] Motions

#### 1.   Defendant James' Motion For an Evidentiary Hearing

Defendant James' counsel states that "the defendant alleges that any statements obtained by the government were obtained in violation of his constitutional rights and should be suppressed." Affirmation of Michael Luh, Esq. (Dkt. #47) ¶3. As a result, defendant James requests an evidentiary hearing to determine the voluntariness of any statement the government intends to use. Id. at ¶4. Defendant James also "joins in the motion of defendant Hill in requesting a suppression hearing as any such physical evidence the government intends to offer against him was obtained in violation of his right against unreasonable search and seizures." Id. at ¶5.[3]

"A motion to suppress does not require a hearing unless there is a factual dispute. . . . 'To create a factual dispute, defendant must submit sworn factual allegations from

---

[1] In perhaps an excess of caution, the government has also indicated that it will offer Hall's signed receipt for the package as a statement. "So does that constitute a statement of his or not? That may certainly be an issue and that is something the Government would be purporting to present" (Dkt. #58, p. 43). Whether or not the receipt could be considered a statement by defendant, it need not be suppressed, because "a suspect is entitled to *Miranda* warnings only if he or she is interrogated while in custody", Tankleff, supra, 135 F. 3d at 242, and "at that point, there's no issue of him being in custody" (Dkt. #58, p. 40).

[2] I note that the government failed to respond to defendant James' motions.

[3] Because defendant Hill did not move for an evidentiary hearing, I will assume that defendant James is seeking to join in defendant Hall's motion to suppress. However, he has not established his standing to do so. See Clarke, supra, 2006 WL 3615111 at *6.

an affiant with personal knowledge.' ... In the absence of an affidavit of anyone with personal knowledge, an evidentiary hearing is unnecessary." Clarke, *supra*, 2006 WL 3615111 at *5.

As discussed *supra*, despite my providing defendants with the opportunity to "submit affidavits or declarations and documentation supporting their entitlement to an evidentiary hearing by December 30, 2008." (December 18, 2008 Text Order (Dkt. #53)), nothing has been submitted by defendant James to establish his entitlement to an evidentiary hearing. *See* Clarke, *supra*, 2006 WL 3615111 at *6. Therefore, I recommend that defendant James' motion for an evidentiary hearing be denied.

### 2.     Defendant James' Motion for Severance

Defendant James requests to "be tried separately from his co-defendants, because upon information and belief, his co-defendants have made potentially incriminating statements that would prejudice Mr. James right to a fair trial." Affirmation of Michael Luh, Esq. (Dkt. #47) ¶6.[4]

"Rule 14 of the Federal Rules of Criminal Procedure permits severance where a defendant will be substantially and unfairly prejudiced by joinder. ... [Defendant] bears a 'heavy burden' of establishing that substantial prejudice would result from his joinder with his co-defendants." United States v. Estimable, 2008 WL 4394674, *2 (W.D.N.Y. 2008) (Feldman,

---

[4] Unlike defendant Hill, defendant James does not appear to be making a motion for severance pursuant to Bruton v. United States, 391 U.S. 123( 1968). However, to the extent that he is, I would deny his motion on the basis that redaction of co-defendant Hall's statement, rather than severance, is an appropriate remedy. *See* United States v. Tutino, 883 F. 2d 1125, 1135 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990).

M.J.). "A severance need not be granted simply because codefendants have made incriminating statements." United States v. Shareef, 190 F. 3d 71, 77 (2d Cir. 1999). "'Even when the risk of prejudice is high, measures less drastic than severance, such as limiting instructions, will often suffice to cure any risk of prejudice.'" Estimable, supra, 2008 WL 4394674 at *2. Therefore, I recommend that defendant James' motion for severance be denied.[5]

F.    **Defendant Hill's Motions**

   1.    **Defendant Hill's Motion to Dismiss**

Defendant Hill moves to dismiss all charges against him. Affirmation of Michael Blotnik, Esq. (Dkt. #37), ¶54. By way of an attorney affirmation, defendant Hill alleges that he was at the location where the alleged controlled substances were seized working as an independent contractor. Id. at ¶¶55-56, 60. He alleges that he never had dominion or control over the contraband. Id. at ¶57.

Even if defendant Hill's motion was properly supported, I would recommend that it be denied. "It is well-established . . . that an indictment that is valid on its face, as is the case here, cannot be dismissed on the ground that it is based on inadequate or insufficient evidence. . . . Instead, the time to advance such a motion is after the government has presented its case at trial." United States v. Williams, 2008 WL 4516234, *8 (W.D.N.Y. 2008) (Larimer, J./Payson, M.J.).

---

[5] "'The grant of relief under Rule 14 . . . lies within the discretion of the trial judge and refusal to sever counts or defendants properly joined under Rule 8 will be reversed only if discretion was abused.'" United States v. Elsberry, 2009 WL 57521, *7 (W.D.N.Y.2009) (Arcara, J./ Schroeder, M.J.).

Based on the facial sufficiency of the indictment, which is unchallenged by defendant Hill, I recommend that defendant Hill's motion to dismiss be denied without prejudice.[6]

### 2. Defendant Hill's Motion for Severance

Following oral argument and without leave of court, defendant Hill filed a motion for severance Dkt. #56. The government argues that the motion should be denied as untimely because defendant Hill has failed to establish good cause for his failure to timely file this motion in accordance with the court's scheduling order. Affidavit of Thomas Duszkiewicz, Esq. (Dkt. #65), ¶5. I agree with the government.

A motion to sever must be made before trial. Rule 12(b)(3)(D). Pursuant to Rule 12(c) the court may "set a deadline for the parties to make pretrial motions". "A party waives any Rule 12(b)(3) . . . request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Rule 12(e). For "good cause", I may grant relief from the waiver. Id. However, defendant Hill has failed to set forth any reason for his failure to timely file the motion.

In his initial pretrial motions, defendant Hill did "reserve[ ] his right to make other motions which may be motions which may be necessary under the circumstances once the

---

[6] Defendant Hill's motion also contains a section entitled "Motion to Suppress Physical Evidence". Affirmation of Michael Blotnik, Esq. (Dkt. #37), p. 19. However, it merely requests that "in order to be afforded an opportunity to move to suppress evidence . . . requests . . . notice of the government's intention to use in its evidence in chief at trial or otherwise any evidence which the defendant may be entitled to discover under Rule 16." Id. at ¶51.

government has answered this application." Defendant Hill's Motion (Dkt. #37), ¶61. However, simply reserving his right to file motions does not satisfy defendant Hill's obligation to timely file his motions pursuant to Rule 12. Moreover, defendant Hill has not offered any explanation for why he could not move for severance in his initial pretrial motions.

Even assuming that defendant Hill's motion for severance was timely filed, I would deny it on its merits. Defendant Hill argues that co-defendant Hall's statement to authorities (Affirmation of Michael Blotnik, Esq. (Dkt. #56), Ex. A) implicates him and that the government intends to introduce this statement into evidence at the joint trial of all of the defendants. Affirmation of Michael Blotnik, Esq. (Dkt. #56), ¶5-6. Defendant Hill alleges, upon information and belief, that co-defendant Hall does not intend on testifying on his behalf or with respect to the confession at trial. Id. at ¶7. Therefore, he argues that severance is required pursuant to Bruton, *supra*. Id. at ¶10.

In response, the government argues that Bruton is inapplicable because the statement is not clearly inculpatory, as it alone does not serve to connect defendant Hill to the crime. The government also intends to present other evidence in addition to co-defendant Hall's statement to prove defendant Hill's involvement in the conspiracy. Affidavit of Thomas Duszkiewicz, Esq. (Dkt. #65), ¶6.

The government's reliance on United States ex rel. Nelson v. Follette, 430 F. 2d 1055, 1058 (2d Cir. 1970), *cert. denied*, 401 U.S. 917 (1971) is unavailing. In Follette the statement sought to be introduced did not identify the defendant by name and did not directly connect the defendant to the crime without other evidence. 430 F. 2d at 1057-1059. Under these

circumstances the court found that it was "not the type of 'powerfully incriminating' statements to which the Court had reference [*sic*] in Bruton." Id. at 1057-1058.

However, co-defendant Hall's statement clearly inculpates defendant Hill. Describing the package that was ultimately seized by authorities and found to contain a controlled substance, defendant Hall states "I was asked to sign for this package by Mark Hill. He approached me about a week ago and offered to pay me $1000.00 if I agreed to sign for a package at the club house. On December 13, 2007 Mark Hill came to my house and told me to go to the clubhouse to wait for the package. . . . I left my house, went to the clubhouse, and met the delivery person. When I got there I noticed that Mark Hill already at the clubhouse. I signed for the package, but I didn't help move the package into the clubhouse. . . . After the crate was taken into the clubhouse, I saw Mark Hill and Thomas James taking the boards off the crate. . . . Right afterwards, the police came in and arrested everyone." Affidavit of Michael Blotnik, Esq. (Dkt. #56), Ex. A. "'Acts committed in furtherance of the charged conspiracy are themselves part of the act charged.'" Affidavit of Thomas Duszkiewicz, Esq. (Dkt. #65), ¶6. Thus, co-defendant Hall's statement is "clearly inculpatory"

Nevertheless, as noted by the government, should it seek to offer co-defendant Hall's statement into evidence, the remedy would be redaction of that portion of the statement that incriminates defendant Hill with a proper limiting instruction, rather than severance. Affidavit of Thomas Duszkiewicz, Esq. (Dkt. #65), ¶6. "A redacted statement in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names, and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a

co-defendant's Bruton rights." Tutino, *supra*, 883 F. 2d at 1135. *See* United States v. Williams, 936 F. 2d 698, 700 (2d Cir. 1991) ("we have on several occasions admitted redacted confessions in which names of codefendants were replaced by neutral pronouns and 'where the statement standing alone does not otherwise connect co-defendants to the crimes.'"); United States v. Martinez-Montilla, 135 F. Supp. 2d 422, 424-425 (S.D.N.Y. 2001).

Therefore, I recommend that defendant Hill's motion for severance be denied.

**3.     Defendant Hill's Motion for Early Production of Jencks and Giglio Material**

Defendant Hill moves for the disclosure of Jencks material "at least thirty (30) days in advance of trial so as to permit meaningful use by the defense." Affirmation of Michael Blotnik, Esq. (Dkt. #37), ¶39. The government responds that it "will comply with the pretrial order of the District Court concerning the disclosure of witness statements specified in 18 U.S.C. §3500", and reserves its right to argue that witness safety outweighs the need for pretrial disclosure of witness statements. The government's Consolidated Response (Dkt. #42), p. 20.

Defendant Hill also moves for the "immediate disclosure of all exculpatory and/or impeaching material in the prosecution's possession . . . ." Affirmation of Michael Blotnik, Esq. (Dkt. #37), ¶5. In response, the government acknowledges its obligations under Giglio, and its progeny. The government's Consolidated Response (Dkt. #42), p. 13. The government represents that it will make such disclosure "in accordance with the schedule set by the District Court prior to trial and no later than when [it] produces and delivers the Jencks Act material in this case." Id. at p. 15.

Based upon the government's representations, defendant Hill's request for early disclosure of Jencks and Giglio material is denied.

## CONCLUSION

For these reasons, I recommend (1) that defendant Hall's motion to suppress evidence (Dkt. #49) be DENIED, without prejudice to defendant's right to move for suppression of any statements other than his written statement dated December 14, 2007 (Government Ex. 2) which may subsequently be relied upon by the government; (2) that defendant James' motions (Dkt. #47) for an evidentiary hearing and for severance be DENIED; and (3) that defendant Hill's motions (Dkt. ##37 and 56) to dismiss and for severance be DENIED.

I also order (1) that defendant Hill's motion (Dkt. #37) for early production of Jencks and Giglio Material be DENIED; (2) that defendants Hall's, James', and Smith's motions (Dkt. ##35, 38, and 47) for joinder be GRANTED in part and DENIED in part; (3) that defendant Smith's, Hill's, and Hall's motions (Dkt. ##35, 37, and 38) for leave to file additional motions be DENIED without prejudice; and (4) that defendants' remaining non-dispositive motions (Dkt. ##35, 37, 38, and 47) be DENIED as moot.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report,

Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. ("Rule") 58(g)(2) and Local Rule of Criminal Procedure 58.2.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Local Rule 58.2, or with the similar provisions of Local Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:     March 12, 2009

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge